In re Petition for DISCIPLINARY ACTION AGAINST Trent Christopher JONAS, a Minnesota Attorney, Registration No. 258738.

No. A10–851.

Supreme Court of Minnesota.

Feb. 8, 2011.

## ORDER

In May 2010, the Director of the Office of Lawyers Professional Responsibility filed a petition for disciplinary action alleging that respondent Trent Christopher Jonas committed professional misconduct warranting public discipline in connection with respondent's operation of two title insurance companies that collectively failed to record more than 3,000 mortgages on real estate transactions, failed to make more than $1.321 million in mortgage payoffs to prior lenders with funds entrusted to the title companies for that purpose, and failed to remit more than $196,000 in title insurance premiums to title insurers, resulting in the revocation of respondent's Minnesota real estate broker's license, Minnesota real estate closer's license, and insurance producer's license.

Respondent waived his procedural rights under Rule 14, Rules on Lawyers Professional Responsibility (RLPR), and admitted the allegations of the petition. The parties jointly recommended that the appropriate discipline was a suspension from the practice of law for a minimum of one year. In presenting supporting information regarding the recommendation for discipline to the court, the Director specifically noted that respondent had not been criminally charged for his misconduct. At the time of the submissions to the court, the Director and respondent mistakenly believed that no criminal proceedings were pending, contemplated, or imminent.

By order filed on October 20, 2010, we imposed the parties' recommended discipline and indefinitely suspended respondent Trent Christopher Jonas from the practice of law for a minimum of one year. In re Jonas, 789 N.W.2d 687 (Minn.2010).

In November 2010 respondent was charged by criminal information with two counts of felony wire fraud and engaging in a monetary transaction in criminally derived property, in violation of federal law. On December 30, 2010, respondent pleaded guilty to the charges. The Director and respondent agree that the absence of criminal charges against respondent was a significant factor in their recommendation for discipline presented to the court in May 2010. On January 26, 2011, the Director petitioned the court to vacate its prior order of suspension and to impose additional discipline. The parties jointly recommend that, in light of respondent's guilty plea, respondent Jonas be disbarred.

In light of the criminal charges brought after the filing of the recommendation for discipline, it is appropriate for the court to reconsider the appropriate discipline to impose. The court has independently reviewed the file and, given the unique circumstances of the case, approves the parties' jointly recommended disposition.

Based upon all the files, records, and proceedings herein,

IT IS HEREBY ORDERED that the court's October 20, 2010, order in this matter be, and the same is, vacated.

IT IS FURTHER ORDERED that respondent Trent Christopher Jonas is disbarred. Respondent shall pay $900 in costs and disbursements pursuant to Rule 24, Rules on Lawyers Professional Responsibility.

BY THE COURT:

/s/Alan C. Page
Associate Justice